Rob Bonta
Attorney General of California
Sara J. Drake
Senior Assistant Attorney General
T. Michelle Laird
Supervising Deputy Attorney General
Timothy M. Muscat
Deputy Attorney General
State Bar No. 148944
Jeremy Stevens
Deputy Attorney General
State Bar No. 313883
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA  94244-2550
 Telephone:  (916) 210-7779
 Fax:  (916) 327-2319
 E-mail:  Timothy.Muscat@doj.ca.gov
*Attorneys for the State Defendants*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHICKEN RANCH RANCHERIA OF MEWUK INDIANS, BLUE LAKE RANCHERIA, CHEMEHUEVI INDIAN TRIBE, HOPLAND BAND OF POMO INDIANS, and ROBINSON RANCHERIA,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, Governor of California, and STATE OF CALIFORNIA,**<br><br>Defendants. | Case No.:  1:19-cv-00024-AWI-SKO<br><br>**STATE DEFENDANTS' MOTION FOR STAY OF COURT'S JUNE 8, 2022, ORDER; OPENING BRIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing:    TBD<br>Time:       TBD<br>Courtroom:  2, 8th Floor<br>Judge: Honorable Anthony W. Ishii<br><br>Action Filed: January 4, 2019 |

## MOTION FOR STAY

Defendants Gavin Newsom, Governor of California, and the State of California (State) (collectively, State Defendants) move the Court, pursuant to the joint status report submitted by the parties on June 14, 2022, for an order staying its June 8, 2022 Order Selecting Raul A. Ramirez (Judge Ramirez) as Mediator Pursuant to 25 U.S.C. § 2710(d)(7)(B)(iv); Requiring the

1

Parties to Submit their Last Best Offers (Doc. No. 113) (Order) pending final disposition of the State Defendants' appeal filed with the Ninth Circuit Court of Appeals (Ninth Circuit) on April 23, 2021.

The grounds for the State Defendants' motion are:

a. Serious questions of law are raised by the State Defendants in their appeal before the Ninth Circuit regarding this case that will be resolved by a decision on the issues in the appeal;

b. The State will suffer irreparable injury if a stay is not granted;

c. The public interest will be served by issuance of a stay;

d. The balance of hardships between the State Defendants and Plaintiffs Chicken Ranch Rancheria of Me-Wuk Indians, Blue Lake Rancheria, Chemehuevi Indian Tribe, Hopland Band of Pomo Indians, and Robinson Rancheria (Plaintiff Tribes) tips sharply in the State Defendants' favor; and

e. Any harm to the Plaintiff Tribes is minimal because each may continue to operate class III gaming facilities under their existing class III gaming compacts that have been recently extended, and a mediation cannot presently take place before Judge Ramirez because he is not available to accept this assignment.

The State Defendants' motion is based on the joint status report submitted by the parties on June 14, 2022, this motion and supporting memorandum of points and authorities, the concurrently filed request for judicial notice, the declaration of Timothy M. Muscat, the proposed order, the pleadings, papers, and files in this case, and such other and further oral and documentary evidence as may be presented to the Court at any hearing of this matter.

**MEMORANDUM IN SUPPORT OF STAY**

**I.  THE DISTRICT COURT'S ORDER AND THE STATUS OF THE PENDING APPEAL**

On June 8, 2022, this Court issued an order to the parties requiring them to move forward with the mediation process under the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2710-2712, 18 U.S.C. §§ 1166-1167, which could lead to the imposition of the terms under which the

2

State Defs.' Mot. for Stay of Court's June 8, 2022, Order; Opening Br. And
Mem. P. & A. Supp. Thereof  (1:19-cv-00024-AWI-SKO)

Plaintiff Tribes would be authorized to operate class III gaming in California and which would be prescribed by the Secretary of the United States Department of the Interior (Secretary) in consultation with the Plaintiff Tribes (Procedures). The State Defendants' appeal of the district court's order finding that the State Defendants failed to negotiate in good faith in specified matters is currently pending before the Ninth Circuit. Oral argument on the expedited appeal was held on December 9, 2021, and the Ninth Circuit's decision could be issued at any time. This decision, whether or not it affirms this Court's ruling on the issue of good-faith negotiations, may very well prescribe different issues to be considered in presenting last best compact offers to a mediator. Moreover, there is no pressing need to move forward at this time because the State Defendants and the Plaintiff Tribes have agreed to extensions of the current compacts under which the Tribes can continue to conduct class III gaming under IGRA. Finally, a mediation cannot take place at this time because the Court's previously appointed mediator, Judge Ramirez, is no longer available to mediate this matter.

**II.   A STAY IS APPROPRIATE UNDER THE RELEVANT STANDARDS**

In assessing a motion to stay, a court examines, and weighs, probability of success, the existence of serious legal questions, irreparable harm, and the respective hardships. "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc'y of the United States v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 19 (2008)). Yet "a 'likelihood' of success per se is not an absolute requirement. Rather, 'serious questions going to the merits' and a hardship balance that tips sharply toward the [moving party] can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2014) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011)) (discussing the preliminary injunction standard).

"Serious questions are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" *Republic of Philippines v. Marcos*,

3

State Defs.' Mot. for Stay of Court's June 8, 2022, Order; Opening Br. And
Mem. P. & A. Supp. Thereof  (1:19-cv-00024-AWI-SKO)

862 F.2d 1355, 1362 (9th Cir. 1988).  "Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'"  *Id.* (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

Under these standards, the Court should grant a stay of its Order.  This Court recognized in an earlier order on May 27, 2021 (Doc. No. 90), granting in part and denying in part the State Defendants' previous motion to stay, the seriousness of the questions pending in the State Defendants' appeal.  Specifically, the Court observed that its March 31, 2021 order on the parties' cross-motions for summary judgment "hinged on the requirement of 'meaningful concessions' as laid out in *Coyote Valley Band of Pomo Indians v. Cal.* (*In re Indian Gaming Related Cases Chemehuevi Indian Tribe*), 331 F.3d 1094 (9th Cir. 2003) and *Rincon Band of Luiseno Mission Indians of the Rincon Reservation v. Schwarzenegger*, 602 F.3d 1019 (9th Cir. 2010) to rebut evidence of bad faith negotiation."  Doc. No. 90, 3:27-4:3.  In analyzing the IGRA case law, this Court noted that "[t]here is limited precedent interpreting the requirement of meaningful concessions."  *Id.* at 4:19-20.  Further, the Court found that "[t]his circumstance qualifies as one where there are serious questions that lead to the State Defendants having a fair chance of success on the merits in their appeal."  *Id.* at 4:19-22.  Nonetheless, despite demonstrating this fair chance of success on the merits, the Court found at that time that the State Defendants failed to show that it would suffer any irreparable injury.  *Id.* at 4:24-5:24.

State Defendants respectfully request this Court, under this case's current procedural circumstances, hold that the State does face irreparable injury to its legitimate and statewide interests absent a stay, and that for four reasons the balance of hardships now tip sharply in its favor.

First, without a further stay the State Defendants must attempt to present a last best offer that complies with the Court's March 31, 2021 order on the parties' cross-motions for summary judgment (Doc. No. 77) without knowing which topics may require meaningful concessions and the particularity with which those concessions must be identified in the context of a full and complete last best offer.  In this context, the State Defendants risk the imposition of Procedures that would govern the Plaintiff Tribes' class III gaming for as long as the Secretary decides.  The

4

Procedures could, for example, ignore basic Gaming Operation or Gaming Facility employee protections such as receiving a minimum wage consistent with other working Californians. They also could fail to include provisions to protect these employees from workplace sexual harassment, discrimination, or retaliation, or may fail to provide meaningful tort protections to patrons who travel to tribal casinos to engage in Gaming Activities. Muscat Decl. ¶ 10(a). The Ninth Circuit has recognized the State's legitimate concern for the rights of its citizens employed at tribal gaming establishments. *Coyote Valley Band of Pomo Indians v. Cal.* (*In re Indian Gaming Related Cases Chemehuevi Indian Tribe*), 331 F.3d at 1116.

Second, State Defendants are without any meaningful remedy if the Ninth Circuit holds in their favor on the merits. No mechanism is available to the Ninth Circuit to dictate the inclusion of the disputed topics in a last best offer compact that has already been submitted through IGRA's mediation process if it rules in the State Defendants' favor. After Procedures issue, it is not clear that an appellate decision could have any effect on the Secretary's action. Nothing compels the Secretary to conform Procedures to an appellate decision subsequent to the issuance of Procedures. Nor does any provision in IGRA require the Secretary to consider the State's interests or the State's public policy. Rather, IGRA directs the Secretary to act in consultation with the tribe and not the affected state:

> If the State does not consent during the 60-day period . . . to a proposed compact submitted by a mediator . . . , the mediator shall notify the Secretary and the *Secretary shall proscribe, in consultation with the Indian tribe, procedures—*
>
> (I) which are consistent with the proposed compact selected by the mediator under clause (iv), the provisions of this chapter and the relevant provision of the laws of the State . . . .

25 U.S.C. § 2710(d)(7)(B)(vii) (emphasis added). The Secretary, appointed by the President, is the federal government's official "charg[ed] by Congress] . . . with broad responsibility for the welfare of Indian tribes," *Udall v. Littell*, 366 F.2d 668, 672 (D.C. Cir. 1966), and owes Indians a "duty of care and protection," *Rainbow v. Young*, 161 F. 835, 838 (8th Cir. 1908). Safeguarding a state's interests in the conduct of class III gaming operations is not a responsibility conferred upon the Secretary. Accordingly, as a practical and highly probable matter, any Procedures

5

State Defs.' Mot. for Stay of Court's June 8, 2022, Order; Opening Br. And
Mem. P. & A. Supp. Thereof  (1:19-cv-00024-AWI-SKO)

issued under IGRA's remedial provisions would fail to contain the very provisions the State Defendants believe are IGRA proper topics, and as to which the State Defendants are seeking a review from the Ninth Circuit.

Third, given the recent compact extensions reached with all five Plaintiff Tribes, any harm to them is highly speculative. As shown in the State Defendants' accompanying request for judicial notice, the State Defendants and each of the Plaintiff Tribes have executed compact amendments to extend the terms of their 1999 Compacts for up to eighteen months.[1] Muscat Decl. ¶¶ 5-9; Req. Jud. Not., Exs. 1-5. By the terms of these agreements, the compact amendments take effect for purposes of state law upon the date on which a statute—approved by the California Legislature and signed into law by the Governor—ratifying the amendment is chaptered by the California Secretary of State. The California Legislature has now ratified compact amendments between the State Defendants and each of the Plaintiff Tribes. These compact amendments are now effective under state law and do not require approval by the Secretary because, pursuant to 25 C.F.R. § 293.5, the compact amendments extend the compacts' time frames, but do not include any amendments to the terms of the 1999 Compacts. Muscat Decl. ¶ 4. In sum, given these recent compact-extension agreements, along with the anticipated decision by Ninth Circuit in the State Defendants' appeal that has now been pending for six months, a stay of this Court's Order is warranted.

Finally, the Plaintiff Tribes will not incur any harm from the stay because, in addition to maintaining the right to continue operating class III gaming pursuant to their 1999 Compacts under the compact amendments, no mediation can take place in the short run due to Judge Ramirez's unavailability to accept an appointment as mediator. Muscat Decl. ¶ 10(b). The parties took a significant amount of time agreeing upon Judge Ramirez, and additional time will be required to select and appoint his replacement. While the State Defendants will cooperate in agreeing upon another mediator for appointment by the Court, this important process should not be rushed merely because Judge Ramirez has unexpectedly become unavailable. Given that a

---

[1] The Hopland Band of Pomo Indians' compact extension is for twelve months. Muscat Decl. ¶ 7; Req. Jud. Not. Ex. 3.

6

State Defs.' Mot. for Stay of Court's June 8, 2022, Order; Opening Br. And
Mem. P. & A. Supp. Thereof (1:19-cv-00024-AWI-SKO)

mediation cannot take place during this interim period, the State Defendant's requested stay will not harm the Plaintiff Tribes.

## CONCLUSION

For the foregoing reasons, the State Defendants respectfully request this Court to grant the State Defendants' motion for a stay.

Dated:  June 15, 2022                    Respectfully Submitted,

ROB BONTA
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
T. MICHELLE LAIRD
Supervising Deputy Attorney General
JEREMY STEVENS
Deputy Attorney General


/s/ Timothy M. Muscat


TIMOTHY M. MUSCAT
Deputy Attorney General
*Attorneys for the State Defendants*

7

State Defs.' Mot. for Stay of Court's June 8, 2022, Order; Opening Br. And
Mem. P. & A. Supp. Thereof  (1:19-cv-00024-AWI-SKO)