# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS, BLUE LAKE RANCHERIA, CHEMEHUEVI INDIAN TRIBE, HOPLAND BAND OF POMO INDIANS, and ROBINSON RANCHERIA**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GAVIN NEWSOM, Governor of California, and STATE OF CALIFORNIA,**<br><br>**Defendants.** | **CASE NO. 1:19-CV-0024 AWI SKO**<br><br>**STIPULATIONS AND ORDER** |

On July 28, 2022, the Ninth Circuit issued its published decision in <u>Chicken Ranch Rancheria of Me-Wuk Indians v. California</u>, 42 F.4th 1024 (9th Cir 2022).  This case concerns whether the State of California (State) had failed to negotiate in good faith with five California tribes seeking new tribal-state compacts required by the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2710-2712, 18 U.S.C. §§ 1166-1167, in order for the tribes to conduct what IGRA defines as "class III gaming."  The court held that "IGRA strictly limits the topics that states may include in tribal-state Class III compacts to those directly related to the operation of gaming activities."  <u>Chicken Ranch</u>, 42 F.4th at 1029.

The Ninth Circuit ruled that the State failed to engage in good-faith negotiations with five plaintiff tribes under IGRA by insisting on provisions not directly related to the operation of class III gaming activities.  The specific provisions addressed by the Ninth Circuit concerned tribal recognition of spousal and child support orders for all gaming facility employees, environmental

review and mitigation for a broadly defined set of projects, and broad tort claims coverage. Chicken Ranch, 42 F.4th at 1037-39.  The court held that under 25 U.S.C. § 2710(d)(3)(C)(vii), "these family, environmental, and tort law provisions are not 'directly related to the operation of gaming activities.'"  Id. at 1038.

Consequently, the parties stipulated in Document 130 as follows:

1. On June 8, 2022, the Court issued an order selecting retired Federal District Court Judge Raul A. Ramirez ("Judge Ramirez") as mediator, pursuant to the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. § 2710(d)(7)(B)(iv). Doc. 113 ("Appointment Order").

2. On June 14, 2022, the parties filed a joint status report informing the Court that Judge Ramirez would not be available for the appointment as mediator. Doc. 114.

3. On June 15, 2022, the plaintiffs filed a Motion for Appointment of Replacement Mediator. Doc. 115.

4. On June 15, 2022, the defendants filed a Motion for Stay of the Appointment Order. Doc. 116.

5. On July 28, 2022, the Ninth Circuit Court of Appeals issued its decision in Chicken Ranch Rancheria of Me-wuk Indians, et al., v. State of California, et al., 42 F.4th 1024 (9th Cir. 2022) ("Appellate Decision"), in which the Court directed the parties to proceed with the IGRA mediation process. Doc. 66-1.

6. On September 15, 2022, counsel for the defendants sent a joint email on behalf of all the parties to Colleen Conefrey, the case manager for Judge Ramirez, inquiring again whether Judge Ramirez would be interested in and available for appointment as the mediator in this case. Plaintiffs' counsels were copied on the email. On the same day, Ms. Conefrey replied by email that Judge Ramirez was agreeable to accept his appointment as mediator in this case. Her email message requested additional information from the parties and stated that once the information is received, Judge Ramirez's office "will proceed in initiating this matter."

7. On September 16, 2022, counsel for the defendants responded with another joint email on behalf of all the parties to Ms. Conefrey's September 15, 2022, email, which provided the information she had requested. A copy of Timothy Muscat's email to Ms. Conefrey is incorporated by this reference and attached hereto as Exhibit A.

8. On September 20, 2022, the Court of Appeals issued the formal mandate in the Appellate Decision pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Doc. 73.

9. In light of the foregoing, the parties jointly stipulate and request that the Court issue an order ("Order"), pursuant to this report and stipulation: (a) granting the withdrawal of the plaintiffs' motion to appoint a replacement mediator (Doc. 115); (b) granting the withdrawal of the defendants' motion for stay (Doc. 116); (c) confirming the appointment of retired federal judge Raul Ramirez as the mediator in this case; (d) ordering the parties within five (5) days of the issuance of the Court's Order to submit to Judge Ramirez a copy of this stipulation and the Order, and (e) the parties will work cooperatively with Judge Ramirez to attempt to adopt a schedule that will allow the parties to submit their last, best offer compacts and briefs in support thereof to Judge Ramirez within 65 days from the date that the Court issues an order pursuant to this stipulation.

**IT IS HEREBY ORDERED** that, the plaintiffs' motion to withdraw the Motion for Appointment of Replacement Mediator (Doc. 115) is hereby GRANTED.

**IT IS HEREBY FURTHER ORDERED** that, the defendants' motion to withdraw the Motion for Stay of Court's June 8, 2022, Order (Doc. 116) is hereby GRANTED.

**IT IS HEREBY FURTHER ORDERED** that; the parties shall work with Judge Ramirez and his staff on a schedule to submit to Judge Ramirez "a proposed compact that represents their last best offer for a compact." 25 U.S.C. § 2710(d)(7)(B)(iv). The mediator "shall select from the two proposed compacts the one which best comports with the terms of [IGRA], id., the Ninth Circuit's decision in Chicken Ranch Rancheria of Me-Wuk Indians, et al., 42 F.4th 1024 (9th Cir. 2022), and any other applicable federal law. Once Judge Ramirez selects a compact as directed, he "shall submit [the selected compact] to the State and the respective Plaintiff Tribes. 25 U.S.C. § 2710(d)(7)(B)(v). "If [the] State consents to a proposed compact during the 60-day period beginning on the date on which the proposed compact is submitted by the mediator to the State under clause (v), the proposed compact shall be treated as a Tribal-State compact entered into under [§ 2710(d)](3)." Id. at § 2710(d)(7)(B)(vi). "If the State does not consent during the 60-day

period described [above] to [the] proposed compact submitted by [the mediator to the State], [the mediator] shall notify the Secretary" of the Interior. Id. at § 2710(d)(7)(B)(vii). The Secretary of the Interior, in consultation with the respective Plaintiff Tribe, shall then prescribe procedures for operation of class III gaming by the respective Tribe that are consistent with the compact selected by the mediator, the provisions of IGRA, and the relevant provisions of the laws of the State. Id.

**IT IS FURTHER ORDERED**, that the parties shall carry out all of the other provisions of the above stipulation.

IT IS SO ORDERED.

Dated: January 26, 2023

SENIOR DISTRICT JUDGE